IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LOUIS HOLLOWAY,

    Petitioner,                   No. CIV S-09-0922 DAD P

   vs.

BEN CURRY,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.[1]

        State courts must be given the first opportunity to consider and address a state prisoner's federal claims before they are presented to the federal courts on habeas review. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called

---

[1] Although the court's financial office has been unable to verify that petitioner's filing fee was paid, petitioner has provided the court with a copy of his inmate trust account statement showing that $5.00 was withdrawn on February 2, 2009, for prisoner litigation. The court will accept petitioner's evidence as indicating that he has paid the filing fee and allow this action to proceed.

1

1  'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to
2  consider allegations of legal error' before a federal habeas court may review a prisoner's
3  claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a federal court will
4  not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has
5  exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will
6  not be deemed to have waived the exhaustion requirement unless the state, through counsel,
7  expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

8       A petitioner satisfies the exhaustion requirement by fairly presenting to the
9  highest state court all federal claims before presenting the claims to the federal court. See
10 Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.
11 Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A
12 federal claim is fairly presented if the petitioner has described the operative facts and the federal
13 legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation
14 requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]
15 asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)
16 (same); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California
17 Dep't of Corrs., 20 F.3d 1469, 1473 (9th Cir. 1994).

18      Here, petitioner indicates that although he has presented the first and second
19 grounds for relief in his federal petition to the state courts, grounds three and four have not
20 previously been presented to "any other court[.]" (Petition at 6.) Accordingly, petitioner's
21 federal habeas petition is a "mixed" petition, containing both exhausted and unexhausted claims.
22 Petitioner will be provided an opportunity to inform the court as to how he wishes to proceed
23 among several options. Petitioner may: (1) elect to file a motion for a stay and abeyance in this
24 court and return to state court to exhaust his unexhausted claims, (2) he may elect to abandon his
25 unexhausted claims and proceed solely on his exhausted claims in this court, or (3) petitioner
26 may move to voluntarily dismiss this action and, after exhausting claims three and four by

presenting them to the state's highest court, file a new federal petition presenting all of his exhausted claims.

If petitioner proceeds with this action by filing a motion for a stay and abeyance, his motion must: (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) explain and demonstrate how each unexhausted claim is potentially meritorious, (3) describe the status of any pending state court proceedings on the unexhausted claims, and (4) explain how he has acted with diligence in pursuing his unexhausted claims. See Rhines, 544 U.S. at 277-78.

If petitioner elects to dismiss his unexhausted claims, he must file an amended petition containing only his exhausted claims. The amended petition must bear the docket number assigned this case and must be labeled "Amended Petition." The court cautions petitioner that if he decides to proceed in this manner, he will risk forfeiting consideration of all unexhausted claims in federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also Rule 9(b), Rules Governing Section 2254 Cases.

Finally, if petitioner elects to voluntarily dismiss this action and to file a new federal petition after presenting his unexhausted claims to the highest state court, petitioner is cautioned that the federal habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner has paid the filing fee;

/////

---

[2] However, the statute of limitations for the filing of a federal habeas petition is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

3

2. Within thirty days, petitioner shall inform the court how he intends to proceed and file his motion for a stay and abeyance, amended habeas petition or motion to voluntarily dismiss his petition, as set forth above;

3. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
holl0922.osc