IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LOUIS HOLLOWAY,

          Petitioner,               No. CIV S-09-0922 DAD P

     vs.

BEN CURRY,                    <u>ORDER AND</u>

          Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction following his jury trial in the Sacramento County Superior Court. Before the court is petitioner's motion for a stay and abeyance.

## **BACKGROUND**

         Petitioner alleges that on June 30, 2006, he was convicted of conspiracy and transporting various controlled substances into a state prison where he was imprisoned. As a result, petitioner alleges, he was sentenced to a term of twenty-five years to life imprisonment under California's Three-Strikes Law.

/////

/////

1

1        Petitioner appealed his conviction to the California Court of Appeal.[1]  The

2   judgement of conviction was affirmed on appeal.  Petitioner then filed a petition for review to the

3   California Supreme Court which was denied on September 19, 2007.

4        On December 19, 2007, petitioner's judgment of conviction became final for

5   purposes of the AEDPA's one-year statute of limitations for the filing of an application for

6   federal habeas relief.  See 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall . . . .

7   run from the latest of (A) the date on which the judgment became final by the conclusion of

8   direct review . . . ."); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period

9   of direct review includes the 90-days a petition for a writ of certiorari with the United States

10  Supreme Court could be filed).  Thus, the statute of limitations for the filing of a federal habeas

11  petition in this case began to run on December 20, 2007.

12       On December 15, 2008, petitioner signed the federal habeas petition that was

13  submitted to this court.  That date is therefore construed as the filing date of the petition.[2]  See

14  Houston v. Lack, 487 U.S. 266, 276 (1988) (announcing mailbox rule); Jenkins v. Johnson, 330

15  F.3d 1146, 1149 n.2 (9th Cir. 2003) (applying mailbox rule and concluding that the filing date

16  was when the federal habeas petition was signed).  Thus, although he used all but five days of the

17  statute of limitations period, petitioner's pending federal habeas petition was timely filed.

18       In that petition, petitioner sets forth the following grounds for granting relief:  (1)

19  the trial court abused its discretion when it failed to dismiss a prior strike, (2) petitioner's

20  sentence constitutes cruel and unusual punishment, (3) the trial court abused its discretion when

21  it failed to hold an in camera hearing to determine whether information provided by an informant

22

---

23    [1] Petitioner states in his habeas petition that his appeal was filed with the California
Court of Appeal for the Fifth Appellate District, although the Third Appellate District has
24  jurisdiction over Sacramento County, where petitioner's trial was allegedly held.

25    [2] Petitioner filed his federal habeas petition in the United States District Court for the
Eastern District of California, Fresno Division.  On April 3, 2009, an order was filed transferring
26  the case to the Sacramento Division of this court.

1   corroborated petitioner's assertion that he was pressured and threatened by other inmates to

2   transport illegal drugs, and (4) his trial counsel provided ineffective assistance by failing to

3   investigate and interview corroborating witnesses, including petitioner's cell mate, about the

4   pressure and threats petitioner received from other inmates.  Petitioner acknowledges that

5   grounds three and four are unexhausted.  In this regard, petitioner explains as follows:

> Ground(s) number 3 & 4 have not previously been presented in any
> other court and this is because my appellant attorney rendered me
> ineffective assistance of counsel as well as she failed to include
> these issues on appeal after being requested by me to do so.

9   (Petition at 6.)

10          On November 19, 2009, this court advised petitioner that he had filed a mixed

11  petition and that if he intended to file a motion for a stay and abeyance while he exhausted his

12  unexhausted claims, he was required to make the showing set forth in Rhines v. Weber, 544 U.S.

13  269 (2005).  Those requirements are:  (1) a showing of good cause for petitioner's failure to

14  exhaust all claims, (2) an explanation as to how each unexhausted claim is potentially

15  meritorious, (3) a description of the status of pending state court proceedings on the unexhausted

16  claims, and (4) an explanation as to how petitioner has acted diligently in pursuing his

17  unexhausted claims.  See Order, filed Nov. 19, 2009 at 3 (citing Rhines, 544 U.S. at 277-78).

18  Petitioner was also advised that he could elect to file an amended petition containing only his

19  exhausted claims and proceed with those exhausted claims, or voluntarily dismiss this action and

20  file a new federal petition after he had exhausted state court remedies with respect to his

21  unexhausted claims.  However, petitioner was cautioned by the court of the one-year statute of

22  limitations applicable to the seeking of federal habeas relief and was ordered to inform the court

23  as to how he intended to proceed.

24          After one extension of time to file his response to the court's order, petitioner

25  filed his response on January 15, 2010.  Therein, petitioner responded that he intended to file a

26  motion seeking a stay and abeyance.  On January 26, 2010, the court ordered petitioner to file his

1    motion for stay and abeyance within thirty days.  On February 19, 2010, petitioner filed the

2    motion for a stay and abeyance that is now pending before the court.

### PETITIONER'S MOTION FOR STAY AND ABEYANCE

4            Petitioner's three-page motion consists of a brief statement that he is seeking a

5    stay and abeyance and a declaration under penalty of perjury in which he merely makes the

6    following assertions:  Petitioner "had no idea" that he was required to exhaust grounds three and

7    four and that he "didn't intentionally . . . [file a mixed petition] to initiate any sort of a delay" or

8    to "waste scarce judicial resources[.]"  (Mot. at 2.)  With the assistance of "experienced prison

9    law clerks," petitioner is attempting to exhaust his state court remedies.  (Id.)  Those unexhausted

10   claims are now pending in a habeas action filed, presumably, in the Sacramento County Superior

11   Court.  (Id.)  Petitioner describes his unexhausted claims as alleging:  (1) a violation of his due

12   process rights by the trial court when petitioner was denied information which was provided by

13   an informant, and (2) ineffective assistance of counsel for "failing to interview and subpoena two

14   key witnesses who could have and would have provided exculpatory testimony."  (Id.)  Petitioner

15   summarily asserts that these two unexhausted claims are meritorious and that he has acted

16   diligently.  (Id.)

### ANALYSIS

18           The court finds that petitioner has failed to establish good cause for the granting

19   of stay and abeyance as required by the decision in Rhines.  As one court has recently recognized,

20           The first factor under Rhines is whether "there was good cause for
             the petitioner's failure to exhaust his claims first in state court."
21           [544 U.S. at] 277. . . . [N]either the Supreme Court nor the Ninth
             Circuit has defined what constitutes "good cause," but the Ninth
22           Circuit has opined that it requires something less than a showing of
             "extraordinary circumstances."  See Jackson v. Roe, 425 F.3d 654,
23           662 (9th Cir.2005).  However, "good cause" must be interpreted in
             light of the Supreme Court's instruction in Rhines that the district
24           court should only stay mixed petitions in "limited circumstances."
             Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir.2008).

25

26   Queen v. Cate, No. 09cv1804-IEG (RBB), 2010 WL 1947668, at *2 (S.D. Cal. May 13, 2010).

1    In applying the Rhines "good cause" standard, courts have held that neither a petitioner's reliance

2    on appellate counsel or ignorance of the exhaustion requirement are sufficient to establish good

3    cause under Rhines.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied

4    ___ U.S.___, 129 S. Ct. 2771 (2009) (rejecting petitioner's argument that because "he was 'under

5    the impression' that his appellate counsel included all of the issues raised before the California

6    Court of Appeal in his petition before the California Supreme Court" he had established good

7    cause for the granting of stay and abeyance); Aguirre v. Harrington, No. CV 09-08337 SJO (SS),

8    2010 WL 2680320, at *4 (C.D. Cal. June 9, 2010) (concluding that the Ninth Circuit has directly

9    rejected arguments that "mere ignorance and reliance on counsel are sufficient to show good

10   cause under Rhines"); Hernandez v. California, No. C 08-4085 SI (pr), 2010 WL 1854416, at *2

11   (N.D. Cal. May 6, 2010) (concluding that petitioner's limited education, lack of counsel to assist

12   in preparing the petition and his appellate counsel's refusal to present all of his claims on appeal,

13   failed to establish "good cause" because those three situations are "routine circumstances for

14   prisoner-petitioners"); Watts v. Adams, No. CIV S-10-0277 WBS GGH P, 2010 WL 1838093, at

15   *1 (E.D. Cal. April 6, 2010) (holding that petitioner's claimed erroneous belief that his counsel

16   had presented all of his claims to the California Supreme Court was insufficient to show good

17   cause); Hamilton v. Clark, No. CIV S-08-1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9,

18   2010) (holding that the petitioner's lack of understanding of the exhaustion requirement and

19   limited access to the prison law library were insufficient to show good cause for a failure to

20   exhaust) (and cases cited therein); Pressly v. Haws, Civil No. 07CV2315-J (JMA), 2009 WL

21   790045, at *4-5 (S.D. Cal. March 20, 2009) (rejecting petitioner's claims that his appellate

22   counsel caused delays in presenting his claims and that petitioner was unaware of the applicable

23   time limits).

24            Here, petitioner's good cause showing for his failure to exhaust his claims prior to

25   seeking federal habeas relief is clearly insufficient.  Petitioner merely claims that he is a layman

26   and was unaware of the exhaustion requirement.  Petitioner has failed to show good cause for his

1  failure to exhaust the third and fourth claims of his pending federal petition.[3]  Accordingly, his

2  motion for stay and abeyance should be denied.

3            Even if, following this court's November 19, 2009 order advising petitioner of his

4  possible options, petitioner had elected to file an amended petition containing only his exhausted

5  claims and then sought a stay and abeyance relying on the procedures set forth in Kelly v. Small,

6  315 F.3d 1063 (9th Cir. 2003), he could not have done so successfully.  As the Ninth Circuit has

7  held:

8            Pursuant to the Kelly procedure, (1) a petitioner amends his
         petition to delete any unexhausted claims; (2) the court stays and
9        holds in abeyance the amended, fully exhausted petition, allowing
         the petitioner the opportunity to proceed to state court to exhaust
10       the deleted claims; and (3) the petitioner later amends his petition
         and re-attaches the newly-exhausted claims to the original petition.

11
                                * * *
12
         In contrast [to the Rhines procedure], the Kelly procedure, because
13       it does not leave a mixed petition pending, does not sanction any
         exception to Rose and so does not present the same dangers of
14       abuse.  Indeed, Kelly is not only a more cumbersome procedure for
         petitioners, but also a riskier one.  A petitioner seeking to use the
15       Kelly procedure will be able to amend his unexhausted claims back
         into his federal petition once he has exhausted them only if those
16       claims are determined to be timely.  And demonstrating timeliness
         will often be problematic under the now-applicable legal
17       principles.

18            Under Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120,
         150 L. Ed.2d 251 (2001), the filing of a petition for federal habeas
19       corpus relief does not toll AEDPA's statute of limitations (unlike
         an application for state habeas corpus relief, which does).  Id. at
20       172, 121 S. Ct. 2120. Additionally, Mayle provides that a
         petitioner may amend a new claim into a pending federal habeas

21  _____

22       [3]  In addition to failing to establish good cause for his failure to exhaust, petitioner has
    failed to make a sufficient showing with respect to the other requirements set forth in Rhines.  In
23  this regard, petitioner has not shown that he has acted diligently in pursuing his unexhausted
    claims.  The court notes that his judgment became final on December 19, 2007.  However,
24  petitioner delayed almost a year before filing his federal habeas petition on December 15, 2008.
    Petitioner provides no explanation as to the actions he was taking during that time to properly
25  exhaust his third and fourth claims for relief.  In fact, petitioner alleges that he was aware of his
    unexhausted claims, had instructed his appellate counsel to include them in his state court
26  appeals and was aware that appellate counsel did not do so.  (Petition at 3, 7.)

1   petition after the expiration of the limitations period only if the
    new claim shares a "common core of operative facts" with the

2   claims in the pending petition, Mayle, 545 U.S. at 659, 125 S. Ct.
    2562; a new claim does not "relate back" to the filing of an

3   exhausted petition simply because it arises from "the same trial,
    conviction, or sentence." Id. at 662-64, 125 S. Ct. 2562.  Because

4   the Kelly procedure requires petitioners to dismiss their
    unexhausted claims and then attempt to add them back into the

5   federal complaint later, the Kelly procedure, unlike the Rhines
    procedure, does nothing to protect a petitioner's unexhausted

6   claims from untimeliness in the interim.  And Duncan and Mayle,
    taken together, make demonstrating timeliness of claims amended

7   into federal habeas petitions after exhaustion often problematic.

8   King v. Ryan, 564 F.3d 1133, 1135 and 1140-41 (9th Cir. 2009).

9        Here, in claims One and Two of his federal habeas application, petitioner seeks

10  relief on the grounds that the trial court abused its discretion by failing to dismiss a prior strike

11  conviction at the time of sentencing and because his sentence constitutes cruel and unusual

12  punishment.  In contrast, his unexhausted claims Three and Four are based upon petitioner's

13  allegations that the trial court improperly denied his request for an in camera hearing with respect

14  to informant information and that his counsel provided ineffective assistance by failing to

15  investigate witnesses.  These unexhausted claims clearly do not share a common core of

16  operative facts with petitioner's exhausted sentencing error claims.  Therefore, they would not

17  relate back to petition filed in this court on December 15, 2008.  Accordingly, the unexhausted

18  claims would be time-barred.  Thus, a stay and abeyance under the Kelly procedure would not

19  provide petitioner with a viable means to include claims Three and Four in the pending federal

20  petition after they were exhausted.

21                              **CONCLUSION**

22       According, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

23  randomly assign this case to a District Judge.

24       Also, IT IS HEREBY RECOMMENDED that:

25       1.  Petitioner's February 19, 2010 motion for a stay and abeyance (Doc. No. 13)

26  be denied;

1      2.  Petitioner's third and fourth claims for relief be dismissed as unexhausted; and

2      3.  Respondent be ordered to file a response to Grounds One and Two of

3  petitioner's petition for a writ of habeas corpus.

4      These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6  one days after being served with these findings and recommendations, petitioner may file written

7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

9  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

10  F.2d 1153 (9th Cir. 1991).

11  DATED: July 26, 2010.

12

13  _____

14  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

15  DAD:4
    holl0922.msa

16

17

18

19

20

21

22

23

24

25

26