IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LOUIS HOLLOWAY,

    Petitioner,                 No. CIV S-09-0922 MCE DAD

    vs.

RANDY GROUNDS,

    Respondents.           FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2006 judgment of conviction entered against him in the Sacramento County Superior Court on two counts of transportation of a controlled substance (cocaine), one count of transportation of a controlled substance (marijuana), and one count of conspiracy to transport a controlled substance (cocaine). Petitioner seeks federal habeas relief on the following grounds: (1) the trial court abused its discretion when it denied his motion to dismiss a prior "strike" conviction at the time of his sentencing in the interests of justice; and (2) his sentence constitutes cruel and unusual punishment.[1] Upon

---

[1] The petition pending before the court actually contains two additional claims: that the trial court abused its discretion when it denied petitioner's request for an in-camera hearing to determine whether information provided by an informant corroborated petitioner's assertion that he was pressured and threatened by other inmates to import illegal drugs into prison; and that his

careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

FACTUAL BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal[2], the California Court of Appeal for the Third Appellate District provided the following procedural and factual summary:

> A jury convicted defendant Kevin Lewis Holloway of transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a) – count one), transportation of heroin (ibid. – count two), transportation of marijuana (Health & Saf. Code, § 11360, subd. (a) – count three), and conspiracy to transport cocaine, heroin and marijuana (Pen. Code, § 182, subd. (a)(1) – count seven). The jury found true allegations that defendant had suffered a 1988 robbery conviction (Pen. Code, § 211) and a 1998 voluntary manslaughter conviction (Pen. Code, § 192, subd. (a)). The trial court declined to strike either prior felony conviction. Defendant was sentenced to state prison on counts one, two, and three for concurrent terms of 25 years to life. The sentence on count seven was stayed pursuant to Penal Code section 654.
>
> On appeal, defendant contends (1) the trial court's refusal to strike one or both prior felony convictions was an abuse of discretion, and (2) his sentence of 25 years to life is cruel and unusual within the meaning of the Eighth Amendment to the United States Constitution. We shall affirm the judgment.
>
> FACTS (fn. omitted)
>
> The facts of defendant's offenses are not at issue and may be briefly stated.
>
> In March 2003 Folsom Prison correctional officers monitored a letter that defendant, an inmate, sent to Cyndra Holloway.[3] Based on the contents of the letter, officers initiated an investigation into

---

trial attorney rendered ineffective assistance of counsel. However, these two additional claims were previously dismissed by this court as unexhausted. (Doc. Nos. 14, 18.)

[2] Notice of Lodging Documents filed on Nov. 22, 2010 (Doc. No. 32), Resp't's Lod. Doc. 2 (hereinafter Opinion).

[3] Cyndra Holloway, defendant's wife, was a codefendant at trial. She pled no contest to a related count and agreed to testify against defendant in exchange for dismissal of six counts and a promise of no state prison at the outset. She is not a party to this appeal.

2

> the possible smuggling of narcotics into Folsom Prison during a family visit scheduled for later that month.
>
> During the investigation, four telephone calls were recorded and two letters were monitored. The communications indicated that defendant was conspiring with Holloway and at least four other persons to introduce narcotics into the prison.
>
> Officers obtained a warrant to search Holloway on the day of the family visit. They approached her outside the prison's visitor processing building, informed her of the search warrant, and took control of Holloway's handbag. In an interview room, Holloway was asked if she had any narcotics or contraband that she had planned to take into the prison. She answered that she had ibuprofen for a toothache.
>
> The officers read the search warrant to Holloway and explained that she would undergo a body cavity search at a medical facility. She was again asked if she had narcotics or contraband, and this time she answered "yes." A female officer watched as Holloway removed three packages from her vagina. The packages contained 36.5 grams of marijuana, 6.7 grams of heroin, and 1.5 grams of rock cocaine.

(Opinion at 2-4.)

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

/////

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412. See also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. ___, ___, 131 S. Ct. 770, 786 (2011).

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

4

1  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by
2  considering de novo the constitutional issues raised.").

3        The court looks to the last reasoned state court decision as the basis for the state
4  court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned
5  state court decision adopts or substantially incorporates the reasoning from a previous state court
6  decision, this court may consider both decisions to ascertain the reasoning of the last decision.
7  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a federal claim
8  has been presented to a state court and the state court has denied relief, it may be presumed that
9  the state court adjudicated the claim on the merits in the absence of any indication or state-law
10 procedural principles to the contrary."  Harrington, 131 S. Ct. at 784-85.  That presumption may
11 be overcome by a showing "there is reason to think some other explanation for the state court's
12 decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).
13 However, when it is clear that a state court has not reached the merits of a petitioner's claim, the
14 deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court
15 must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

16       Where the state court reaches a decision on the merits but provides no reasoning
17 to support its conclusion, a federal habeas court independently reviews the record to determine
18 whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848,
19 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the
20 constitutional issue, but rather, the only method by which we can determine whether a silent state
21 court decision is objectively unreasonable."  Id.  Where no reasoned decision is available, the
22 habeas petitioner has the burden of "showing there was no reasonable basis for the state court to
23 deny relief."  Harrington, 131 S. Ct. at 784.
24 /////
25 /////
26 /////

II. Petitioner's Claims

    A. Sentencing Claim

Petitioner's first claim is that the trial court abused its discretion when it denied his motion to dismiss one of his prior felony "strike" convictions in the furtherance of justice at the time of his sentencing. (Doc. No. 1 at 4.) Petitioner argues that the sentencing judge should have dismissed at least one of his prior convictions because petitioner had a "long history of employment;" the trial judge and the prosecutor agreed he had performed well in prison; he had maintained a good relationship with his family throughout his imprisonment; and the trial judge expressed the opinion that petitioner was "redeemable" and that a 25 year to life prison sentence was too long, according to the judge's own sentencing philosophy. (Id. at 4-5.)

The California Court of Appeal rejected these claims, reasoning as follows:

> Defendant contends the trial court abused its discretion when it denied his motion to dismiss one of the two strike priors in furtherance of justice. We are not persuaded.
>
> **Background**
>
> Defendant was 43 years old at sentencing. He had a juvenile adjudication of disturbing the peace (Pen. Code, § 415) and adult convictions of possession of marijuana for sale (Health & Saf. Code, § 11359) in 1986; robbery (Pen. Code, § 211) in 1987; burglary (Pen. Code, § 459), robbery, and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) in 1988; receiving stolen property (Pen. Code, § 496, subd. (a)) in 1993; possession for sale of cocaine (Health & Saf. Code, § 11351.5) in 1994; and voluntary manslaughter (Pen. Code, § 192, subd. (a)) with personal use of a firearm (Pen. Code, § 12022.5) in 1998. He was in custody on the 1998 offense at the time of the present matter.
>
> Defendant filed a motion to strike one or, alternately, both of his prior strike convictions pursuant to Penal Code section 1385 and People v. Superior Court (Romero) (1996) 13 Cal.4th 497 (Romero). Citing People v. Williams (1998) 17 Cal.4th 148, 161 (Williams), he argued that his "character and nature remove him from the category of persons that the spirit of 'three strikes' is directed."
>
> The prosecution opposed the motion, arguing that defendant's "background, character, and prospects are not sufficiently positive

to fall outside the spirit of the three strikes scheme in whole or in part."

At the June 2006 sentencing hearing, defendant argued that he had educated himself in prison, obtained a welding certification and was employable, been a model inmate for the approximately 800 days he was in jail awaiting trial, and had maintained a relationship with his wife and son despite and throughout his imprisonment. Defendant asked the court to strike the 1988 robbery conviction.

The prosecution countered that defendant's repeated offenses made him a "poster boy" for three strikes. While he was becoming skilled at welding, he was also moving up in his gang.

The trial court acknowledged that defendant had been employed, participated in rehabilitation programs, acquired welding skills, maintained his relationship with his family, and had successfully completed parole. The court further acknowledged that if a second strike rather than a third strike sentence were imposed, defendant's age upon release from prison (over 50 years) would make him statistically less likely to reoffend. The court stated it would not impose a sentence of 25 years to life "as a matter of [its] own sentencing philosophy." But the court acknowledged that "very specific factors" had to be considered, and strikes could not be dismissed unless the court found "that he's outside the scope of the three strikes law."

The court noted that although defendant was "somewhat younger" at the time of the strike convictions, they both "involve[d] violence" and they were neither "part of the same factual scenario" nor "so close as to indicate a single period of aberrant behavior." Applying the factors from Romero and Williams, as described in this court's opinion in People v. Strong (2001) 87 Cal. App.4th 328 (Strong), the court stated it "simply can't find that [defendant] is outside the scope of the three strikes law."

**Analysis**

Penal Code section 1385, subdivision (a) states that a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." The judge "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (Williams, supra, 17 Cal.4th at p. 161.)

/////

Our review of this exercise of discretion is "deferential." (Williams, supra, 17 Cal.4th at p. 162.) We cannot overturn the trial court unless its ruling "'falls outside the bounds of reason' under the applicable law and the relevant facts [citations]." (Ibid.) In order to fall outside the bounds of reason, the ruling must be "palpably arbitrary, capricious and patently absurd." (People v. Jennings (2000) 81 Cal. App.4th 1301, 1314 (Jennings).)

Defendant first claims the trial court abused its discretion in that it "acknowledged the implicit disproportionality and inappropriateness of a Three Strikes sentence in [this] case." We disagree. The court opined that 25 years to life was "too much just as a general proposition, as a matter of [its] own sentencing philosophy." But the court properly recognized that applying its own philosophy was "not what the three strikes law allows [it] to do."

Defendant next claims the court improperly "focused on the violent nature of [his] two strikes" and "ought to have placed more weight on the non-violent nature of the present offenses and [his] current character." But drugs foment lawlessness and violence within the penal institution. Assaults with deadly weapons, strong-arm robberies, stabbings, voluntary manslaughter, and even murder stemming from conflicts over drugs are foreseeable results. Defendant's argument that the present offenses "represent[ ] a de-escalation of criminal behavior" vis-à-vis the prior robbery and manslaughter ignores these foreseeable consequences.

Defendant claims the trial court "should have placed more weight on [his] age, which was 43 at the time of sentencing," because "recidivism decreases drastically and co-variantly with age." In Strong, supra, 87 Cal. App.4th 328, we rejected an identical contention, explaining: "While some courts, in considering whether to dismiss a strike, have considered age in conjunction with the length of the sentence and the defendant's prospects, middle age, considered alone, does not remove a defendant from the spirit of the Three Strikes law. Otherwise, those criminals with the longest criminal records over the longest period of time would have a built-in argument that the very factor that takes them within the spirit of the Three Strikes law – a lengthy criminal career – has the inevitable consequence – middle age – that takes them outside the law's spirit." (Id. at p. 345, fn. omitted.)[4]

Defendant claims the trial court "should have placed more weight on" the "age" of defendant's 1988 robbery conviction, which was

---

[4] Although one justice on the panel in Strong concurred in the result, the opinion is nonetheless a precedential decision of this court. The trial judge's remarks to the contrary are incorrect.

8

> 18 years at the time of sentencing.[5] But he cannot prevail on appeal simply by showing that this factor deserved "more weight"; he must show that the court's ruling was "palpably arbitrary, capricious and patently absurd." (Jennings, supra, 81 Cal. App.4th at p. 1314.) He has not done so.
>
> Defendant notes that, aside from the present offense, he behaved well in prison and in local custody while awaiting trial. He took advantage of his time in custody by learning a vocation. The trial court appears to have accepted his statement to the probation officer that he "regretted what had happened." But recidivists do not place themselves outside the three strikes scheme's spirit simply by behaving well in custody, learning a vocation, and regretting having committed their offenses. (Williams, supra, 17 Cal.4th at p. 161.) Failure to strike a strike on the basis of these postoffense factors was not palpably arbitrary, capricious, or patently absurd. (Jennings, supra, 81 Cal. App.4th at p. 1314.)
>
> Defendant lastly claims leniency was warranted because he acted under duress applied by other prison inmates and these were his first smuggling offenses. The prosecutor challenged the duress claim's credibility during summation, and the jury rejected duress and necessity as affirmative defenses. The trial court's failure to rely on the discredited defense and the lack of other smuggling offenses was not arbitrary, capricious, or patently absurd. (Jennings, supra, 81 Cal. App.4th at p. 1314.) Denial of the Romero motion was not an abuse of discretion.

(Opinion at 4-9.)

Petitioner's federal habeas challenge to the trial court's denial of his Romero motion essentially involves an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010) (quoting Estelle, 502 U.S. at 67). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of

/////

---

[5] Defendant's opening brief incorrectly lists the prior's "age" as "28 years."

fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

The sentencing judge in this case declined to strike any of petitioner's prior convictions only after considering all of the relevant circumstances and applying the applicable law. As indicated by the California Court of Appeal, the sentencing judge's conclusion that petitioner did not fall outside the spirit of California's Three Strikes Law was not unreasonable under the circumstances of this case. After a careful review of the sentencing proceedings, the undersigned finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion.[6]

The California Court of Appeal carefully considered the entire record in rejecting petitioner's claims based on the trial judge's refusal to strike one of his prior convictions at the time of sentencing. Its decision with respect to the application of state sentencing law is not contrary to or an unreasonable application of federal law and does not justify the granting of federal habeas relief. Accordingly, petitioner is not entitled to relief on this claim.

### B. Cruel and Unusual Punishment

Petitioner's second claim is that his sentence of twenty-five years to life under California's Three Strikes Law constitutes cruel and unusual punishment, in violation of the Eighth Amendment of the U.S. Constitution. (Doc. No. 1 at 4.) He argues that his sentence is disproportionate to the seriousness of his non-violent crimes. (Id. at 4-5.) He also argues that, in light of his age, the sentence he received essentially amounts to one of life in prison without parole. (Id.) The California Court of Appeal rejected these arguments on the merits, finding that

/////

---

[6] If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner has not made a showing that such is the case here.

10

1  petitioner's sentence did not violate the Eighth Amendment disproportionality principle. In this

2  regard, the state appellate court reasoned as follows:

> Defendant contends his sentence of 25 years to life is cruel and unusual within the meaning of the Eighth Amendment to the United States Constitution. We disagree.
>
> A punishment for a term of years violates the Eighth Amendment to the United States Constitution if it is an "extreme sentence[ ]" that is "grossly disproportionate" to the crime. (Ewing v. California (2003) 538 U.S. 11, 23 [155 L.Ed.2d 108] (Ewing) (plur. opn. of O'connor, J.); Lockyer v. Andrade (2003) 538 U.S. 63, 72 [155 L.Ed.2d 144]; Harmelin v. Michigan (1991) 501 U.S. 957, 1001 [115 L.Ed.2d 836] (Harmelin) (conc. opn. of Kennedy, J.).) In a noncapital case, "'successful challenges to the proportionality of particular sentences have been exceedingly rare.' [Citation.]" (Ewing, supra, 538 U.S. at p. 21.)
>
> Here, defendant conspired with his wife and others to bring cocaine, heroin, and marijuana into a state prison. As the prosecutor noted, drugs in prisons pose a substantial danger to correctional officers and inmates alike, in part by creating an "atmosphere of lawlessness that is ripe with violence." Defendant's offenses are at least as serious as the golf club theft in Ewing. Given the danger posed by the presence of drugs in prison, the punishment of 25 years to life is not grossly disproportionate, nor does it constitute cruel and unusual punishment under the Eighth Amendment.

(Opinion at 4.)

The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. See Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring). See also Taylor v. Lewis, 460 F.3d 1093, 1097 (9th Cir. 2006). However, successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring) (citing Solem v. Helm, 463 U.S. at 288, 303). In Lockyer v. Andrade, the United States Supreme Court held that it was not an unreasonable application of

11

clearly established federal law for the California Court of Appeal to affirm a "Three Strikes" sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior conviction involving theft of $150.00 worth of videotapes. Andrade, 538 U.S. at 75. Similarly, the Supreme Court has held that a "Three Strikes" sentence of 25 years-to-life in prison imposed pursuant to a grand theft conviction involving the theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment. Ewing v. California, 538 U.S. 11, 29 (2003).

In assessing the compliance of a non-capital sentence with the proportionality principle, a reviewing court must consider "objective factors" to the extent possible. Solem, 463 U.S. at 290. Foremost among these factors are the severity of the penalty imposed and the gravity of the offense. "Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime." Taylor, 460 F.3d at 1098.[7]

This court finds that the sentence challenged by petitioner here does not fall within the type of "exceedingly rare" circumstance that would support a finding that his sentence

---

[7] As observed by the Ninth Circuit, the United States Supreme Court has also suggested that reviewing courts compare the sentences imposed in the same jurisdiction, and also compare the sentences imposed for commission of the same crime in other jurisdictions. Taylor v. Lewis, 460 F.3d 1093, 1098 n.7 (9th Cir. 2006). However,

> consideration of comparative factors may be unnecessary; the Solem Court "did not announce a rigid three-part test." See Harmelin, 501 U.S. at 1004, 111 S. Ct. 2680 (Kennedy, J., concurring). Rather, "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 1004-05, 111 S. Ct. 2680; see also Rummel v. Estelle, 445 U.S. 263, 282, 100 S. Ct. 1133, 63 L. Ed.2d 382 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some State will always bear the distinction of treating particular offenders more severely than any other State.").

Id.

violates the Eighth Amendment.  Petitioner's sentence is certainly a significant penalty.  However, as noted by the California Court of Appeal, petitioner attempted to bring cocaine and heroin into the prison, and he has a lengthy criminal history involving crimes of violence.  As set forth above, in <u>Andrade</u> and <u>Ewing</u> the United States Supreme Court upheld the same or even more severe sentences for far less serious crimes than that of petitioner.  <u>See</u> also <u>Harmelin</u>, 501 U.S. at 996 (life without possibility of parole for possessing a large quantity of cocaine not cruel and unusual); <u>Rummel</u>, 445 U.S. at 282 (life with the possibility of parole for obtaining money by false pretenses, the defendant's third nonviolent felony, found not to constitute cruel and unusual punishment).  In light of these decisions of the U.S. Supreme Court, it cannot be said that the sentence imposed in petitioner's case was grossly disproportionate.  Because petitioner has not raised an inference of gross disproportionality, this court need not compare petitioner's sentence to the sentences of other defendants in other jurisdictions.  The state courts' rejection of petitioner's Eighth Amendment claim was not an unreasonable application of the Supreme Court's proportionality standard.  Accordingly, relief should be denied as to this claim as well.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue

in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 9, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
holloway0922.hc