1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN LOUIS HOLLOWAY

11            Petitioner,                    No. CIV S-09-0922 MCE DAD

12       vs.

13   RANDY GROUNDS,

14            Respondents.                   FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2006 judgment of conviction

18   entered against him in the Sacramento County Superior Court on two counts of transportation of

19   a controlled substance (cocaine), one count of transportation of a controlled substance

20   (marijuana), and one count of conspiracy to transport a controlled substance (cocaine).  Petitioner

21   seeks federal habeas relief on the following grounds: (1) the trial court abused its discretion when

22   it denied his motion to dismiss a prior "strike" conviction at the time of his sentencing in the

23   interests of justice; and (2)  his sentence constitutes cruel and unusual punishment.[1]  Upon

24   _____

25        [1]  The petition pending before the court actually contains two additional claims:  that the
     trial court abused its discretion when it denied petitioner's request for an in-camera hearing to
26   determine whether information provided by an informant corroborated petitioner's assertion that
     he was pressured and threatened by other inmates to import illegal drugs into prison; and that his

1

1  careful consideration of the record and the applicable law, the undersigned will recommend that

2  petitioner's application for habeas corpus relief be denied.

3                                    FACTUAL BACKGROUND

4         In its unpublished memorandum and opinion affirming petitioner's judgment of

5  conviction on appeal[2], the California Court of Appeal for the Third Appellate District provided

6  the following procedural and factual summary:

7         A jury convicted defendant Kevin Lewis Holloway of
          transportation of cocaine base (Health & Saf. Code, § 11352, subd.
8         (a) – count one), transportation of heroin (ibid. – count two),
          transportation of marijuana (Health & Saf. Code, § 11360, subd.
9         (a) – count three), and conspiracy to transport cocaine, heroin and
          marijuana (Pen. Code, § 182, subd. (a)(1) – count seven).  The jury
10        found true allegations that defendant had suffered a 1988 robbery
          conviction (Pen. Code, § 211) and a 1998 voluntary manslaughter
11        conviction (Pen. Code, § 192, subd. (a)).  The trial court declined
          to strike either prior felony conviction.  Defendant was sentenced
12        to state prison on counts one, two, and three for concurrent terms
          of 25 years to life.  The sentence on count seven was stayed
13        pursuant to Penal Code section 654.

14        On appeal, defendant contends (1) the trial court's refusal to strike
          one or both prior felony convictions was an abuse of discretion,
15        and (2) his sentence of 25 years to life is cruel and unusual within
          the meaning of the Eighth Amendment to the United States
16        Constitution.  We shall affirm the judgment.

17        FACTS (fn. omitted)

18        The facts of defendant's offenses are not at issue and may be
          briefly stated.

19
          In March 2003 Folsom Prison correctional officers monitored a
20        letter that defendant, an inmate, sent to Cyndra Holloway.[3]  Based
          on the contents of the letter, officers initiated an investigation into
21

22  trial attorney rendered ineffective assistance of counsel.  However, these two additional claims
23  were previously dismissed by this court as unexhausted.  (Doc. Nos. 14, 18.)

24     [2]  Notice of Lodging Documents filed on Nov. 22, 2010 (Doc. No. 32), Resp't's Lod.
       Doc. 2 (hereinafter Opinion).

25     [3]  Cyndra Holloway, defendant's wife, was a codefendant at trial.  She pled no contest to a
26  related count and agreed to testify against defendant in exchange for dismissal of six counts and a
    promise of no state prison at the outset.  She is not a party to this appeal.

                                             2

the possible smuggling of narcotics into Folsom Prison during a family visit scheduled for later that month.

During the investigation, four telephone calls were recorded and two letters were monitored. The communications indicated that defendant was conspiring with Holloway and at least four other persons to introduce narcotics into the prison.

Officers obtained a warrant to search Holloway on the day of the family visit. They approached her outside the prison's visitor processing building, informed her of the search warrant, and took control of Holloway's handbag. In an interview room, Holloway was asked if she had any narcotics or contraband that she had planned to take into the prison. She answered that she had ibuprofen for a toothache.

The officers read the search warrant to Holloway and explained that she would undergo a body cavity search at a medical facility. She was again asked if she had narcotics or contraband, and this time she answered "yes." A female officer watched as Holloway removed three packages from her vagina. The packages contained 36.5 grams of marijuana, 6.7 grams of heroin, and 1.5 grams of rock cocaine.

(Opinion at 2-4.)

ANALYSIS

I.  Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

/////

3

1    (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established Federal law, as
2    determined by the Supreme Court of the United States; or

3    (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
4    State court proceeding.

5           Under section 2254(d)(1), a state court decision is "contrary to" clearly

6    established United States Supreme Court precedents if it applies a rule that contradicts the

7    governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

8    indistinguishable from a decision of the Supreme Court and nevertheless arrives at different

9    result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

10   (2000)).

11          Under the "unreasonable application" clause of section 2254(d)(1), a federal

12   habeas court may grant the writ if the state court identifies the correct governing legal principle

13   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

14   prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ

15   simply because that court concludes in its independent judgment that the relevant state-court

16   decision applied clearly established federal law erroneously or incorrectly. Rather, that

17   application must also be unreasonable." Id. at 412. See also Lockyer v. Andrade, 538 U.S. 63,

18   75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its

19   independent review of the legal question, is left with a 'firm conviction' that the state court was

20   'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas

21   relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

22   decision." Harrington v. Richter, 562 U.S. ___, ___, 131 S. Ct. 770, 786 (2011).

23          If the state court's decision does not meet the criteria set forth in § 2254(d), a

24   reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v.

25   Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th

26   Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

                                                    4

1  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

2  considering de novo the constitutional issues raised.").

3         The court looks to the last reasoned state court decision as the basis for the state

4  court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned

5  state court decision adopts or substantially incorporates the reasoning from a previous state court

6  decision, this court may consider both decisions to ascertain the reasoning of the last decision.

7  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a federal claim

8  has been presented to a state court and the state court has denied relief, it may be presumed that

9  the state court adjudicated the claim on the merits in the absence of any indication or state-law

10  procedural principles to the contrary."  Harrington, 131 S. Ct. at 784-85.  That presumption may

11  be overcome by a showing "there is reason to think some other explanation for the state court's

12  decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

13  However, when it is clear that a state court has not reached the merits of a petitioner's claim, the

14  deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court

15  must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

16         Where the state court reaches a decision on the merits but provides no reasoning

17  to support its conclusion, a federal habeas court independently reviews the record to determine

18  whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848,

19  853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the

20  constitutional issue, but rather, the only method by which we can determine whether a silent state

21  court decision is objectively unreasonable."  Id.  Where no reasoned decision is available, the

22  habeas petitioner has the burden of "showing there was no reasonable basis for the state court to

23  deny relief."  Harrington, 131 S. Ct. at 784.

24  /////

25  /////

26  /////

II.  Petitioner's Claims

       A.  Sentencing Claim

          Petitioner's first claim is that the trial court abused its discretion when it denied his motion to dismiss one of his prior felony "strike" convictions  in the furtherance of justice at the time of his sentencing.  (Doc. No. 1 at 4.)  Petitioner argues that the sentencing judge should have dismissed at least one of his prior convictions because petitioner had a "long history of employment;" the trial judge and the prosecutor agreed he had performed well in prison; he had maintained a good relationship with his family throughout his imprisonment; and the trial judge expressed the opinion that petitioner was "redeemable" and that a 25 year to life prison sentence was too long, according to the judge's own sentencing philosophy.  (Id. at 4-5.)

          The California Court of Appeal rejected these claims, reasoning as follows:

> Defendant contends the trial court abused its discretion when it denied his motion to dismiss one of the two strike priors in furtherance of justice.  We are not persuaded.
>
> **Background**
>
> Defendant was 43 years old at sentencing.  He had a juvenile adjudication of disturbing the peace (Pen. Code, § 415) and adult convictions of possession of marijuana for sale (Health & Saf. Code, § 11359) in 1986; robbery (Pen. Code, § 211) in 1987; burglary (Pen. Code, § 459), robbery, and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) in 1988; receiving stolen property (Pen. Code, § 496, subd. (a)) in 1993; possession for sale of cocaine (Health & Saf. Code, § 11351.5) in 1994; and voluntary manslaughter (Pen. Code, § 192, subd. (a)) with personal use of a firearm (Pen. Code, § 12022.5) in 1998.  He was in custody on the 1998 offense at the time of the present matter.
>
> Defendant filed a motion to strike one or, alternately, both of his prior strike convictions pursuant to Penal Code section 1385 and People v. Superior Court (Romero) (1996) 13 Cal.4th 497 (Romero).  Citing People v. Williams (1998) 17 Cal.4th 148, 161 (Williams), he argued that his "character and nature remove him from the category of persons that the spirit of 'three strikes' is directed."
>
> The prosecution opposed the motion, arguing that defendant's "background, character, and prospects are not sufficiently positive

to fall outside the spirit of the three strikes scheme in whole or in part."

At the June 2006 sentencing hearing, defendant argued that he had educated himself in prison, obtained a welding certification and was employable, been a model inmate for the approximately 800 days he was in jail awaiting trial, and had maintained a relationship with his wife and son despite and throughout his imprisonment. Defendant asked the court to strike the 1988 robbery conviction.

The prosecution countered that defendant's repeated offenses made him a "poster boy" for three strikes. While he was becoming skilled at welding, he was also moving up in his gang.

The trial court acknowledged that defendant had been employed, participated in rehabilitation programs, acquired welding skills, maintained his relationship with his family, and had successfully completed parole. The court further acknowledged that if a second strike rather than a third strike sentence were imposed, defendant's age upon release from prison (over 50 years) would make him statistically less likely to reoffend. The court stated it would not impose a sentence of 25 years to life "as a matter of [its] own sentencing philosophy." But the court acknowledged that "very specific factors" had to be considered, and strikes could not be dismissed unless the court found "that he's outside the scope of the three strikes law."

The court noted that although defendant was "somewhat younger" at the time of the strike convictions, they both "involve[d] violence" and they were neither "part of the same factual scenario" nor "so close as to indicate a single period of aberrant behavior." Applying the factors from <u>Romero</u> and <u>Williams</u>, as described in this court's opinion in <u>People v. Strong</u> (2001) 87 Cal. App.4th 328 (<u>Strong</u>), the court stated it "simply can't find that [defendant] is outside the scope of the three strikes law."

**Analysis**

Penal Code section 1385, subdivision (a) states that a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." The judge "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (<u>Williams</u>, <u>supra</u>, 17 Cal.4th at p. 161.)

/////

7

Our review of this exercise of discretion is "deferential." (Williams, supra, 17 Cal.4th at p. 162.)  We cannot overturn the trial court unless its ruling "'falls outside the bounds of reason' under the applicable law and the relevant facts [citations]."  (Ibid.) In order to fall outside the bounds of reason, the ruling must be "palpably arbitrary, capricious and patently absurd."  (People v. Jennings (2000) 81 Cal. App.4th 1301, 1314 (Jennings).)

Defendant first claims the trial court abused its discretion in that it "acknowledged the implicit disproportionality and inappropriateness of a Three Strikes sentence in [this] case."  We disagree.  The court opined that 25 years to life was "too much just as a general proposition, as a matter of [its] own sentencing philosophy."  But the court properly recognized that applying its own philosophy was "not what the three strikes law allows [it] to do."

Defendant next claims the court improperly "focused on the violent nature of [his] two strikes" and "ought to have placed more weight on the non-violent nature of the present offenses and [his] current character."  But drugs foment lawlessness and violence within the penal institution.  Assaults with deadly weapons, strong-arm robberies, stabbings, voluntary manslaughter, and even murder stemming from conflicts over drugs are foreseeable results. Defendant's argument that the present offenses "represent[ ] a de-escalation of criminal behavior" vis-à-vis the prior robbery and manslaughter ignores these foreseeable consequences.

Defendant claims the trial court "should have placed more weight on [his] age, which was 43 at the time of sentencing," because "recidivism decreases drastically and co-variantly with age."  In Strong, supra, 87 Cal. App.4th 328, we rejected an identical contention, explaining: "While some courts, in considering whether to dismiss a strike, have considered age in conjunction with the length of the sentence and the defendant's prospects, middle age, considered alone, does not remove a defendant from the spirit of the Three Strikes law.  Otherwise, those criminals with the longest criminal records over the longest period of time would have a built-in argument that the very factor that takes them within the spirit of the Three Strikes law – a lengthy criminal career – has the inevitable consequence – middle age – that takes them outside the law's spirit.  (Id. at p. 345, fn. omitted.)[4]

Defendant claims the trial court "should have placed more weight on" the "age" of defendant's 1988 robbery conviction, which was

---

[4]  Although one justice on the panel in Strong concurred in the result, the opinion is nonetheless a precedential decision of this court.  The trial judge's remarks to the contrary are incorrect.

1   18 years at the time of sentencing.[5]   But he cannot prevail on
    appeal simply by showing that this factor deserved "more weight";
2   he must show that the court's ruling was "palpably arbitrary,
    capricious and patently absurd." (Jennings, supra, 81 Cal. App.4th
3   at p. 1314.)  He has not done so.

4   Defendant notes that, aside from the present offense, he behaved
    well in prison and in local custody while awaiting trial.  He took
5   advantage of his time in custody by learning a vocation.  The trial
    court appears to have accepted his statement to the probation
6   officer that he "regretted what had happened."  But recidivists do
    not place themselves outside the three strikes scheme's spirit
7   simply by behaving well in custody, learning a vocation, and
    regretting having committed their offenses. (Williams, supra, 17
8   Cal.4th at p. 161.)  Failure to strike a strike on the basis of these
    postoffense factors was not palpably arbitrary, capricious, or
9   patently absurd.  (Jennings, supra, 81 Cal. App.4th at p. 1314.)

10  Defendant lastly claims leniency was warranted because he acted
    under duress applied by other prison inmates and these were his
11  first smuggling offenses.  The prosecutor challenged the duress
    claim's credibility during summation, and the jury rejected duress
12  and necessity as affirmative defenses.  The trial court's failure to
    rely on the discredited defense and the lack of other smuggling
13  offenses was not arbitrary, capricious, or patently absurd.
    (Jennings, supra, 81 Cal. App.4th at p. 1314.)  Denial of the
14  Romero motion was not an abuse of discretion.

15  (Opinion at 4-9.)

16          Petitioner's federal habeas challenge to the trial court's denial of his Romero

17  motion essentially involves an interpretation of state sentencing law.  As explained above, "it is

18  not the province of a federal habeas court to reexamine state court determinations on state law

19  questions."  Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010) (quoting Estelle,

20  502 U.S. at 67).  So long as a sentence imposed by a state court "is not based on any proscribed

21  federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by

22  indigency, the penalties for violation of state statutes are matters of state concern."  Makal v.

23  State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).  Thus, "[a]bsent a showing of

24  /////

25

26
    _____
        [5]  Defendant's opening brief incorrectly lists the prior's "age" as "28 years."

9

1    fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify

2    federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

3            The sentencing judge in this case declined to strike any of petitioner's prior

4    convictions only after considering all of the relevant circumstances and applying the applicable

5    law.  As indicated by the California Court of Appeal, the sentencing judge's conclusion that

6    petitioner did not fall outside the spirit of California's Three Strikes Law was not unreasonable

7    under the circumstances of this case.  After a careful review of the sentencing proceedings, the

8    undersigned finds no federal constitutional violation in the state trial judge's exercise of his

9    sentencing discretion.[6]

10            The California Court of Appeal carefully considered the entire record in rejecting

11   petitioner's claims based on the trial judge's refusal to strike one of his prior convictions at the

12   time of sentencing.  Its decision with respect to the application of state sentencing law is not

13   contrary to or an unreasonable application of federal law and does not justify the granting of

14   federal habeas relief.  Accordingly, petitioner is not entitled to relief on this claim.

15                   B.  Cruel and Unusual Punishment

16            Petitioner's second claim is that his sentence of twenty-five years to life under

17   California's Three Strikes Law constitutes cruel and unusual punishment, in violation of the

18   Eighth Amendment of the U.S. Constitution.  (Doc. No. 1 at 4.)  He argues that his sentence is

19   disproportionate to the seriousness of his non-violent crimes.  (Id. at 4-5.)  He also argues that, in

20   light of his age, the sentence he received essentially amounts to one of life in prison without

21   parole.  (Id.)  The California Court of Appeal rejected these arguments on the merits, finding that

22   /////

23   _____

24        [6]  If petitioner's sentence had been imposed under an invalid statute and/or was in excess
     of that actually permitted under state law, a federal due process violation would be presented.
25   See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where
     the petitioner's sentence of life imprisonment without the possibility of parole could not be
26   constitutionally imposed under the state statute upon which his conviction was based).  However,
     petitioner has not made a showing that such is the case here.

1    petitioner's sentence did not violate the Eighth Amendment disproportionality principle.  In this

2    regard, the state appellate court reasoned as follows:

3            Defendant contends his sentence of 25 years to life is cruel and
             unusual within the meaning of the Eighth Amendment to the
4            United States Constitution.  We disagree.

5            A punishment for a term of years violates the Eighth Amendment
             to the United States Constitution if it is an "extreme sentence[ ]"
6            that is "grossly disproportionate" to the crime.  (Ewing v.
             California (2003) 538 U.S. 11, 23 [155 L.Ed.2d 108] (Ewing)
7            (plur. opn. of O'connor, J.); Lockyer v. Andrade (2003) 538 U.S.
             63, 72 [155 L.Ed.2d 144]; Harmelin v. Michigan (1991) 501 U.S.
8            957, 1001 [115 L.Ed.2d 836] (Harmelin) (conc. opn. of Kennedy,
             J.).)  In a noncapital case, "'successful challenges to the
9            proportionality of particular sentences have been exceedingly rare.'
             [Citation.]" (Ewing, supra, 538 U.S. at p. 21.)
10
             Here, defendant conspired with his wife and others to bring
11           cocaine, heroin, and marijuana into a state prison.  As the
             prosecutor noted, drugs in prisons pose a substantial danger to
12           correctional officers and inmates alike, in part by creating an
             "atmosphere of lawlessness that is ripe with violence."
13           Defendant's offenses are at least as serious as the golf club theft in
             Ewing.  Given the danger posed by the presence of drugs in prison,
14           the punishment of 25 years to life is not grossly disproportionate,
             nor does it constitute cruel and unusual punishment under the
15           Eighth Amendment.

16   (Opinion at 4.)

17           The United States Supreme Court has held that the Eighth Amendment includes a

18   "narrow proportionality principle" that applies to terms of imprisonment.  See Harmelin v.

19   Michigan, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring).  See also Taylor v. Lewis, 460

20   F.3d 1093, 1097 (9th Cir. 2006).  However, successful challenges in federal court to the

21   proportionality of particular sentences are "exceedingly rare."  Solem v. Helm, 463 U.S. 277,

22   289-90 (1983).  See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004).  "The Eighth

23   Amendment does not require strict proportionality between crime and sentence.  Rather, it

24   forbids only extreme sentences that are 'grossly disproportionate' to the crime."  Harmelin, 501

25   U.S. at 1001 (Kennedy, J., concurring) (citing Solem v. Helm, 463 U.S. at 288, 303).  In Lockyer

26   v. Andrade, the United States Supreme Court held that it was not an unreasonable application of

clearly established federal law for the California Court of Appeal to affirm a "Three Strikes"

sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior

conviction involving theft of $150.00 worth of videotapes.  <u>Andrade</u>, 538 U.S. at 75.  Similarly,

the Supreme Court has held that a "Three Strikes" sentence of 25 years-to-life in prison imposed

pursuant to a grand theft conviction involving the theft of three golf clubs from a pro shop was

not grossly disproportionate and did not violate the Eighth Amendment.  <u>Ewing v. California</u>,

538 U.S. 11, 29 (2003).

In assessing the compliance of a non-capital sentence with the proportionality

principle, a reviewing court must consider "objective factors" to the extent possible.  <u>Solem</u>, 463

U.S. at 290.  Foremost among these factors are the severity of the penalty imposed and the

gravity of the offense.  "Comparisons among offenses can be made in light of, among other

things, the harm caused or threatened to the victim or society, the culpability of the offender, and

the absolute magnitude of the crime."  <u>Taylor</u>, 460 F.3d at 1098.[7]

This court finds that the sentence challenged by petitioner here does not fall

within the type of "exceedingly rare" circumstance that would support a finding that his sentence

---

[7] As observed by the Ninth Circuit, the United States Supreme Court has also suggested
that reviewing courts compare the sentences imposed in the same jurisdiction, and also compare
the sentences imposed for commission of the same crime in other jurisdictions.  <u>Taylor v. Lewis</u>,
460 F.3d 1093, 1098 n.7 (9th Cir. 2006).  However,

> consideration of comparative factors may be unnecessary; the
> <u>Solem</u> Court "did not announce a rigid three-part test."  <u>See</u>
> <u>Harmelin</u>, 501 U.S. at 1004, 111 S. Ct. 2680 (Kennedy, J.,
> concurring). Rather, "intrajurisdictional and interjurisdictional
> analyses are appropriate only in the rare case in which a threshold
> comparison of the crime committed and the sentence imposed
> leads to an inference of gross disproportionality."  <u>Id.</u> at 1004-05,
> 111 S. Ct. 2680; see also <u>Rummel v. Estelle</u>, 445 U.S. 263, 282,
> 100 S. Ct. 1133, 63 L. Ed.2d 382 (1980) ("Absent a
> constitutionally imposed uniformity inimical to traditional notions
> of federalism, some State will always bear the distinction of
> treating particular offenders more severely than any other State.").

<u>Id.</u>

1   violates the Eighth Amendment.  Petitioner's sentence is certainly a significant penalty.

2   However, as noted by the California Court of Appeal, petitioner attempted to bring cocaine and

3   heroin into the prison, and he has a lengthy criminal history involving crimes of violence.  As set

4   forth above, in Andrade and Ewing the United States Supreme Court upheld the same or even

5   more severe sentences for far less serious crimes than that of petitioner.  See also Harmelin, 501

6   U.S. at 996 (life without possibility of parole for possessing a large quantity of cocaine not cruel

7   and unusual); Rummel, 445 U.S. at 282 (life with the possibility of parole for obtaining money

8   by false pretenses, the defendant's third nonviolent felony, found not to constitute cruel and

9   unusual punishment).  In light of these decisions of the U.S. Supreme Court, it cannot be said

10  that the sentence imposed in petitioner's case was grossly disproportionate.  Because petitioner

11  has not raised an inference of gross disproportionality, this court need not compare petitioner's

12  sentence to the sentences of other defendants in other jurisdictions.  The state courts' rejection of

13  petitioner's Eighth Amendment claim was not an unreasonable application of the Supreme

14  Court's proportionality standard.  Accordingly, relief should be denied as to this claim as well.

15                                            CONCLUSION

16           For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

17  application for a writ of habeas corpus be denied.

18           These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within fourteen days after service of the objections.  Failure to file

24  objections within the specified time may waive the right to appeal the District Court's order.

25  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

26  1991).  In his objections petitioner may address whether a certificate of appealability should issue

                                                  13

1    in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules

2    Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability

3    when it enters a final order adverse to the applicant).

4    DATED: January 9, 2012.

5

6    _____

7    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

8    DAD:8
     holloway0922.hc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26